## WILLIAMS v. McGILL et al.

No. 8317—Opinion Filed Jan. 8, 1918.

(169 Pac. 1074.)

**1. Taxation — Delinquency — Penalty — Notice.**

Giving notice by the county treasurer to the owner of the amount of taxes due, provided by secion 2, c. 73, Sess. Laws 1910, as amended by section 1, c. 120, Sess. Laws 1910-11, determines the delinquency of the taxes and is essential to the accrual of the penalty and the collection of the same.

**2. Taxation — Tax Deed — Vaidity — Penalty for Delinquency.**

Where such notice has not been given, a tax deed, which includes the penalty for delinquency with the taxes due although otherwise regularly issued, is unauthorized and ineffectual.

(Syllabus by Galbraith, C.)

Error from District Court, Logan County; A. H. Huston, Judge.

Action by F. L. Williams against Enoch McGill and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Tibbetts & Green, for plaintiff in error.

E. I. Sadler, for defendants in error.

Opinion by GALBRAITH, C. This is an appeal from the judgment of the trial court rendered in an action of ejectment commenced by the plaintiff in error against the defendants in error, to quiet title to and for the possession of lot 24 in block 84 in the city of Guthrie, the legal and equitable title to which the plaintiff asserted ownership by virtue of a tax deed issued to him by the treasurer of Logan county on February 17, 1915, upon a certificate of purchase issued to the county upon a sale for delinquent taxes on said lot for the years 1911, 1912, and 1913, and assigned to the plaintiff. The defendant in error McGill was the tenant and in the possession of the property under Solomon S. Jones the owner. The defendants in error interposed a demurrer to the petition which was overruled, and then answered, denying the ownership of the plaintiff, although admitting the issuance of the tax deed to him, but alleging that no written notice had been given him as owner of the amount of the taxes prior to declaring the same delinquent, as provided by law, and that the penalties attached for delinquent taxes for one or more years, for which the property was sold, were included in the amount of the taxes, and that therefore the sale was unauthorized, and the deed was wrongfully issued and void, and tendered the amount of the taxes that had been paid by the plaintiff in error and paid the same into court. A jury was waived, and the cause was tried to the court. The court found that no notice had been given the owner of the amount of the taxes due by him, and rendered judgment in favor of the plaintiff in error for the amount of the taxes paid by him, and the amount paid into court by the defendant in error, and assessed the costs against the plaintiff, dismissing the defendants without day. From that judgment the plaintiff in error appeals, and the only assignment argued in the brief is that the judgment of the trial court is contrary to the evidence.

It appears from the evidence that the name "Jones" appeared on the tax rolls opposite lot 24, block 84, and it was not disputed the Solomon S. Jones was the owner of the lot. He testified that the treasurer did not give him the written notice of the amount of the taxes prior to November 1st, of the respective years for which the taxes were claimed. The treasurer testified that he did not give Jones notice, but that he had instructed his deputy to notify all tax-

payers, and the deputy testified that he attempted to give notice to all property owners, although he was not positive that he had notified Solomon S. Jones of the amount of the taxes due.

The evidence supports the finding of the trial court, and for that reason the assignment of error is not well taken. The evidence clearly fails to show that the property owner was given the written notice of the amount of the taxes as required by the statute. This court has held that it is "the giving of the notice, that permits the collection of this penalty and determines the delinquency of the taxes." City National Bank of Madill v. Gayle, 55 Okla. 301, 155 Pac. 552. It is not disputed that $3 of the amount of the taxes recited in the deed was for penalty claimed. Having failed to give the notice as required by section 7397, Rev. L. 1910, no penalty attached for failure to pay the taxes and the treasurer had no right to include this penalty in the amount claimed for taxes, and having done so the deed was unauthorized and void. City National Bank of Madill v. Gayle, supra; Trimmer, Treas., v. Rennie, 43 Okla. 152, 141 Pac. 784; Dawson v. Anderson, 38 Okla. 167, 132 Pac. 666.

The court would have been authorized in canceling the plaintiff's tax deed upon the proof submitted, by the decision of this court in Dawson v. Anderson, supra, provided that defendant had prayed for such relief in his answer, and since the judgment rendered by the trial court was to this effect, it is supported by authority, and should be affirmed.

By the Court: It is so ordered.