## SMITH v. BOSTAPH.

No. 14672—Opinion Filed Oct. 14, 1924.

**1. Taxation — Tax Sales — Invalidity — Notice to Taxpayer.**

The provisions of the act of the Legislature approved March 22, 1911 (Session Laws 1910-11, page 263), declaring that it shall be the duty of the county treasurer on or before November 1st. to notify by mail, postage prepaid, each taxpayer whose name appears on his record of the amount of his taxes. and when the same will become due and delinquent, is mandatory. and the absence of such notice nullifies the sale of the taxpayer's land for taxes and penalty (so long as this provision was in force). Clark v. Duncanson, 79 Okla. 180, 192 Pac. 806.

**2. Same—Mandatory Statutes.**

In matters pertaining to tax sales, statutes prescribing the manner of service of notice and the issuance of tax deeds thereunder are mandatory and not directory.

**3. Same — Publication of Delinquent Tax Sale Notice.**

A statute requiring the publication of a delinquent tax sale notice once a week for three consecutive weeks means 21 days, and a sale of real estate by a county treasurer for delinquent taxes, where notice of such sale has been given for a period less than 21 days prior to such sale, is void, and a tax deed to land so sold is void.

**4. Same—Tax Deeds—Necessary Recitals.**

Among the several duties imposed on the county treasurer by section 9746, Comp. Stat. 1921, relating to a tax resale by the county, is the requirement that the tax deed show a statement of the acts and proceedings had in making the sale and resale of the property.

**5. Same.**  •

The deed must set forth acts and proceedings in connection with the tax sale and resale from which the court may determine that all legal requirements have been satisfied, in order to constitute a valid tax deed upon its face. It is the duty of the officer making the sale and resale of the property for taxes to set forth the acts and proceedings had in connection with the sale, and for the court to determine the legal sufficiency thereof.

**6. Same—Invalidity of Deed.**

A legal conclusion in a deed by the officer executing the instrument. in lieu of a statement of the facts purporting to show the doing of a prerequisite act to a valid sale and resale of real estate for taxes. renders the deed void upon its face.

**7. Same—Void Deed not Starting Statute of Limitation.**

A tax deed void upon its face is not sufficient to set the statute of limitation in operation against an action upon the deed.

**8. Same—Invalidity of Deed.**

Record examined, and held, that by reason of the statements of legal conclusions in lieu of the recital of the facts relating to a material matter in a tax deed, and failure to give the notices as required by law renders the same void upon its face.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okmulgee County; C. C. Smith, Assigned Judge.

Action by W. J. Bostaph against Herbert E. Smith. Judgment for plaintiff, and defendant appeals. Affirmed.

Herbert E. Smith, for plaintiff in error.

A. L. Emery, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Okmulgee county. Okla., on April 15, 1921, by the appellee, plaintiff in the trial court, against the appellant, defendant in the trial court. to recover from the defendant possession of lot 2, block No. 16, in Berry addition to the city of Okmulgee. Plaintiff also asked for temporary injunction pending said action, and a permanent injunction on the final trial of the cause, restraining the defendant from constructing certain lasting and valuable improvements upon the said lot then under construction thereon. To which petition the defendant filed his answer and denied generally all the material allegations of the petition and further averred that he was the fee simple owner of said lot by reason of a resale tax deed executed in his favor, for value, by the county treasurer of Okmulgee county. On September 28, 1917, the defendant further averred that he was in the open, notorious, adverse, and peaceable possession of said lot, since September 28, 1917, and pleads the statute of limitation as a bar to plaintiff's cause of action, and further avers that he has placed valuable improvements on said property. To which answer the plaintiff filed his reply in the nature of a general denial of all the matters set up in the defendant's answer, and further alleges that he had paid the taxes for the year 1913 on said lot, for which same was sold. the county treasurer becoming the purchaser for the county, and certificate of purchase was issued to the county on November 2, 1914. And alleges that he paid the taxes for 1914, 1915, 1916, and 1919, and sent the county treasurer the money for taxes for 1917, but the money

was returned to him, and that he offered to pay the taxes for 1920, at which time he was informed by the county treasurer that the defendant, appellant herein, had paid same. and had obtained a tax deed for said lot. That he had offered to redeem said lot from tax sale, but that the county treasurer refused to accept the money for the redemption thereof.

The facts as disclosed by the record show that in 1913 the appellee. W. J. Bostaph, a resident of the state of Illinois, was the owner of said lot, and also owned another lot in the city of Okmulgee, and that he neglected to pay the taxes for 1913. The record further discloses that in the latter part of December, 1914, he mailed to the county treasurer of Okmulgee county a money order for $5.17, which he alleges was in payment of all taxes and penalties assessed against his lots in Okmulgee, and attaches to his reply the following receipt:

"Office of County Treasurer. Okmulgee, Oklahoma, 1-14-1915. Yours of 12-30, received enclosing M. O. for $5.17. Official receipt will be mailed to you as soon as possible.

"Martin Ryan, County Treasurer.

"By Iona Goree."

It seems that no official receipt was ever issued, or at least was never mailed or delivered to the appellee. Prior to the receiving of the money order and the issuance of the receipt, the county treasurer had advertised and sold the lot in question on November 2, 1914, and there being no bidder for same the lot was purchased by the county treasurer for the county, and the certificate of sale issued to Okmulgee county. On September 28, 1917. pursuant to a tax resale at which the appellant, Herbert E. Smith, was the highest bidder, tax deed was executed and delivered to this appellant, conveying the lot in question, and this suit to recover same was instituted on April 15, 1921.

On the trial of the case before the Hon. C. C. Smith, district judge. the court found that the lot was the property of the appellee, Bostaph, in 1913. and that appellee had forwarded postoffice money order in the sum of $5.17 to the county treasurer of Okmulgee county to pay the taxes on said lot and other property, and that the county treasurer failed to enter the payment on the tax roll. and undertook to advertise the property at the sale for delinquent taxes of 1914. That the first publication of delinquent tax sales for said year of 1914 was October 15, 1914, and was not advertised for the full three weeks prior to the sale as provided by law. The court further found that no

notice was mailed to the appellee of the amount of taxes delinquent on said lots before said sale, and at the sale the property was bid off by the county treasurer of Okmulgee county, and a certificate of purchase issued therefor in the name of the county. And that the resale was held on the second day of July, 1917, at which time the appellant became the purchaser of said lot. That the appellant took possession of said lot and erected improvements thereon, and further found that the tax deed relied on by appellant was not fair on its face, that the statute of limitations had not run; that the tax deed was void, and that the tax for which said lot was sold had been paid, and judgment was rendered in accordance with the findings of fact, as heretofore detailed, to which finding and judgment of the court the defendant duly accepts, and prosecutes the appeal to this court, and sets forth various assignments of error as grounds for reversal of the judgment of the trial court, and first urges that the resale tax deed is valid and fair upon its face, and the statute of limitations pleaded is a bar to the action. And cites the case of Clark v. Duncanson, 79 Okla. 180, 192 Pac. 806, wherein this court held:

"Under section 7419, Rev. Laws 1910, providing that 'no action shall be commenced by the holder of the tax deed or the former owner * * * to recover possession of the land which has been sold and conveyed for nonpayment of taxes, or to avoid such deed, unless such action shall be commenced within one year after the recording of such deed,' neither party can successfully maintain, against a plea of such statute of limitation an action not commenced within one year after the recording of the tax deed"

—which is the provision of our statute providing for the one year statute of limitation on tax deeds, and various other provisions of our law are set forth in appellant's brief, authorizing the sale of real estate for taxes. and providing for resale, and the procedure governing same, the issuance of tax deeds and the form thereof, but the only issue in this case is whether or not the deed is fair on its face and sufficient to convey title, and start the statute of limitation running; and this must be determined by the deed itself, and the law applicable thereto. The deed is very lengthy, and we will not encumber the record by copying the same, but will briefly call attention to various defects, which we think renders it void and not sufficient to start the statute of limitation running. At the time of the tax sale, in this case, the Session Laws of 1911 were in full force and effect, which provided that the county treasurer should notify by mail,

postage prepaid, the owner of the real estate of the amount of taxes due, as one of the prerequisites to a valid sale thereafter. 1911 Session Laws, sec. 263, provides as follows:

"All delinquent taxes shall, as a penalty, bear interest- at the rate of eighteen per centum per annum. Provided, that the county treasurer shall stamp the date of receipt on each letter containing funds in payment of taxes; and no penalty shall attach after the receipt of the full amount due, at said date, by reason of the inability of the county treasurer to enter the same of record on the date received; and, provided, further, that it shall be the duty of the county treasurer, on or before November first, to notify by mail, postage prepaid, each taxpayer whose name appears on his record, of the amount of his taxes, and when the same will become due and delinquent."

In the case of Williams v. McGill, 69 Okla. 60, 169 Pac. 1074, the court held:

"Giving notice by the county treasurer to the owner of the amount of taxes due, provided. by section 2. c. 73, Sess. Laws 1910. as amended by section 1, c. 120, Sess. Laws 1910-11, determines the delinquency of the taxes and is essential to the accrual of the penalty and the collection of the same.

"Where such notice has not been given, a tax deed, which includes the penalty for delinquency with the taxes due, although otherwise regularly issued, is unauthorized and ineffectual."

In the case of Miller v. State. 70 Okla. 82. 173 Pac. 67, the court said:

"Under the law as it existed while section 2, chapter 73. S. L. 1910, or section 1, chapter 120, S. L. 1910-11, amendatory thereof, was in force, taxes did not become delinquent unless the county treasurer had mailed written notice at the time and in the manner therein prescribed to the taxpayer of record of the amount of his taxes and when the same became due and delinquent and, in case of failure so to do, the penalty of 18 per cent. per annum did not attach even after tax sale of real estate upon which such taxes may have been assessed."

In Union Savings Association v. Cummins. 78 Okla. 265, 190 Pac. 869, the court held:

"A tax deed secured through a sale for delinquent taxes and penalty thereon, when it is shown that notice has not been mailed to the owner of the property by the county treasurer, as required by section 2. c. 73, S. L. 1910, will not convey title to the grantee."

In the case of Clark v. Duncanson, 79 Okla. 180, 192 Pac. 806, the court held:

"The provisions of the act of the Legislature approved March 22, 1911 (Session Laws 1910-11, page 263), declaring that it shall be the duty of the county treasurer, on or before November 1st, to notify by mail, postage prepaid, each taxpayer whose name appears on his record of the amount of his taxes, and when the same will become due and delinquent, is mandatory, and the absence of such notice nullifies the sale of the taxpayer's land for taxes and penalty."

And the cases of Adams v. Tolliver, 91 Okla. 125, 217 Pac. 851; Davenport et al. v. Doyle, 57 Okla. 341, 157 Pac. 110, and many other authorities support this rule, and in the cases of Dawson v. Anderson, 38 Okla. 167, 132 Pac. 666, and Wilson v. McCornack, 10 Okla. 180, 61 Pac. 1068, and numerous other decisions of this court lay down the rule that:

"In matters pertaining to tax sales, statutes prescribing the manner of service of notice and the issuance of tax deeds thereunder are mandatory and not directory."

The further objection is made that the tax deed in question does not show notice of publication thereof as required by law, prior to the sale of November 2, 1914, as provided by section 7397, Rev. Laws 1910, which provides that the treasurer shall give notice of the sale of real property for delinquent taxes by publication thereof once a week for three consecutive weeks, commencing after the first day of October, preceeding the sale, in some newspaper in the county to be designated by the board of county commissioners, etc. And the facts, as disclosed by the record, substantiate this objection, and show that the first publication was made on October 15th, which was less than three full weeks prior to the day of sale, to wit, November 2, 1914, and in the case of Cadman v. Smith, 15 Okla. 633, 85 Pac. 346, this court held:

"A statute requiring the publication of a delinquent tax sale notice once a week for three consecutive weeks means 21 days, and a sale of real estate by a county treasurer for delinquent taxes, where notice of such sale has been given for a period less than 21 days prior to such sale, is void, and a tax deed to land so sold is void."

The further objection is made to the tax deed that numerous paragraphs thereof contain a recitation which is merely a legal conclusion, and not a statement of any fact, or act on the part of the county treasurer, nor a summary of the proceedings had concerning the various steps taken in the sale of the property.

The third paragraph of the deed provides:

"Whereas. said taxes, interest, penalties and costs, constituting a lien upon the above described real estate, the Treasurer of Ok-

mulgee county, Oklahoma, in full and complete compliance with the statutes of Oklahoma in such case made and provided, advertised the above described real estate for sale at public auction to satisfy said taxes, interest, penalties and costs," and the phrase used therein: "In full and complete compliance with the statutes of Oklahoma in such case made and provided."

—is clearly a legal conclusion and does not state the manner of advertising, or the facts as to what was done in this particular. necessary to affirmatively show that the advertisement was made as the law provides. A similar phrase is found in the 4th paragraph of the deed, wherein the date of sale is referred to, and also as to the manner of offering the property for sale substantially the same phrase is used, and in the fifth paragraph again a similar phrase is used relative to the manner of offering the property for sale, and in the sixth paragraph a similar phrase is used with reference to the issuance of the certificate of purchase, and in the eighth paragraph it states that:

"Whereas, in full and complete conformity with the statutes in such case made and provided. the treasurer of Okmulgee county, state of Oklahoma, has heretofore given legal notice of the resale of the above described real estate," etc.

A similar statement is found in the ninth paragraph of the deed. The appellee cites many authorities wherein the validity of tax deeds has been passed upon, and sets forth the requirements thereof, and calls special attention to a recent case of Pierce v. Barrett, 93 Okla. 283, 220 Pac. 652, wherein the court, in the syllabus of that opinion, lays down the following rules:

"Among the several duties imposed on the county treasurer by section 9746, Comp. Stat. 1921, relating to a tax resale by the county, is the requirement that the tax deed show a statement of the acts and proceedings had in making the sale and resale of the property.

"The deed must set forth acts and proceedings in connection with the tax sale and resale from which the court may determine that all legal requirements have been satisfied, in order to constitute a valid tax deed upon its face. It is the duty of the officer making the sale and resale of the property for taxes to set forth the acts and proceedings had in connection with the sale, and for the court to determine the legal sufficiency thereof.

"A legal conclusion in a deed by the officer executing the instrument, in lieu of a statement of the facts purporting to show the doing of a prerequisite act to a valid sale and resale of real estate for taxes, renders the deed void upon its face.

"A tax deed void upon its face is not sufficient to set the statute of limitation in operation against an action upon the deed. .

"Record examined, and held, that by reason of the statement of legal conclusion in lieu of the recital of the facts relating to a material matter in the deed renders the same void upon its face"

—which we think disposes of practically every question raised in this case, in favor of the judgment sought to be reversed.

The third paragraph of the syllabus thereof is applicable to many of the provisions of the deed involved in this case, and we think a very clear enunciation of the correct rule, and as we understand the rule it is that the recitations in a tax deed should affirmatively show that each and every step required by the statute has been at least substantially complied with, and a statement that the act has been performed as required by law is not sufficient and is a conclusion.

The fact should be so stated as to show the manner in which it was done by the officers, for instance, the recitation in a tax deed as to the notice should set forth the date on which the notice was first published, and each succeeding date thereafter that same was published, so as to affirmatively show that the law relative to that matter has been complied with, and that the notices given is such notice as the law requires.

There are numerous other objections made to the deed in question which we think are valid, but we feel that the objections heretofore discussed are amply sufficient to justify the judgment of the trial court, and we therefore recommend that the case be affirmed.

By the Court: It is so ordered.