## SARKEYS et al. v. LEE et al.

No. 20045. Opinion Filed June 16, 1931.

McKeown & Green, for plaintiffs in error.

J. F. McKeel, for defendants in error.

HEFNER, J. This is an action by S. J. Sarkeys and Harmon Cox against L. A. Braley, M. F. Manville, Witson Lee and others to recover possession of 80 acres of land located in Pontotoc county. Plaintiffs' claim of title is based upon a tax deed. Defendants Braley and Manville claim under deeds from the original owners and defended on the ground that the proceedings leading up to the sale and execution of the tax deed are irregular and prayed that the deed be canceled and title be quieted in them.

The trial court canceled the deed and rendered judgment quieting title in defendants. In our opinion the judgment in this respect is correct. It appears that Emmet Lee originally owned the west 40 acres of this tract and Witson Lee was the owner of the east 40. Both failed to pay taxes for the year 1919, and the land was sold for taxes at a delinquent tax sale held in 1920 and bid in by the county. Harmon Cox subsequently paid the taxes and produced a certificate of purchase from the county, and on the 28th day of October, 1920, the county treasurer issued to him a tax deed. He thereafter conveyed the premises to Sarkeys. On the 29th day of July, 1921, Witson Lee sold and conveyed his 40-acre tract to defendants Braley and Manville, and on the 31st day of July, 1925, Emmett Lee sold his 40-acre tract to defendant Braley. It appears that the land was assessed, advertised, and sold as one tract. Witson Lee had sold and conveyed to defendants his tract prior to the tax sale. These tracts, having been owned by more than one party, should have been separately assessed, and in default of payment of taxes

should have been separately advertised and sold. Keller v. Hawk, 19 Okla. 407, 91 Pac. 778. It also appears that notice of tax sale was not given as provided by statute. The statute, section 9731, Comp. St. 1921, provides that notice shall be published once a week for three consecutive weeks prior to the sale. This court has held that three weeks means 21 days. Cadman v. Smith, 15 Okla. 633, 85 Pac. 346, Smith v. Bostaph, 103 Okla. 258, 229 Pac. 1093. The evidence discloses that the sale was advertised and published to take place November 1, 1920. The first publication was made October 14, 1920, and less than 21 days prior to the date of sale. The record also discloses that notice of intention to apply for a tax deed was not properly served on Emmett Lee. He was still the owner of his 40-acre tract at the time application was made for the deed and should have been served with notice. The tax deed was recorded in November, 1925, and this action was commenced in December, 1925. The irregularities above pointed out could therefore be pleaded as a defense against the deed even though it appeared regular on its face. Massey v. Tucker, 141 Okla. 193, 284 Pac. 648; Gaston v. Caruth, 116 Okla. 146, 243 Pac. 192; Mannus-Dewall v. Smith, 139 Okla. 195, 281 Pac. 807.

Plaintiff contends that before defendants were entitled to have the tax deeds set aside they should either have paid or tendered to him the amount paid for the deed and all subsequent taxes paid by him. The court allowed plaintiff the amount paid the county for the certificate of purchase, but denied his claim for subsequent taxes on the ground that he failed to offer evidence showing that subsequent taxes were paid by him. In this we think the court erred. The certificate of purchase issued by the county was introduced in evidence. Thereon appears the indorsement that all subsequent taxes, including the taxes for the year 1924, were paid by plaintiff. In our opinion this constitutes some evidence tending to establish that subsequent taxes were paid by him. Under section 9753, C. O. S. 1921, plaintiff was entitled to recover all taxes paid by him upon cancellation of the deed.

Defendants in their cross-petition pleaded that there was a prior suit brought by defendants against plaintiff to cancel a tax deed issued and held by plaintiff for delinquent taxes for the year 1915, that defendants herein prevailed in that action and therein recovered a judgment against plaintiff in the sum of $124.25 for rents over and above the taxes then paid by plaintiff and plead the same as an offset against taxes paid by him in this action. This judgment was introduced in evidence at the trial of the instant case. Plaintiff offered no evidence tending to establish that this judgment had been satisfied. Assuming that it still remains unpaid, plaintiff would nevertheless be entitled to recover a small amount against defendant, as the amount of subsequent taxes paid as appears from the indorsement on the certificate of purchase is in excess of the amount found due defendant under the judgment.

Plaintiffs contend that the defendants' cross-petition is insufficient in that they have not properly pleaded a tender of taxes paid by plaintiff. The allegation in this respect is as follows:

"Complying with order of the court, the defendants tender into court for the use of the plaintiff the amount paid for the tax deed herein in the sum of $48.85 as shown by tax deed, or if said amount be not correct, then any amount paid for said tax deed, with penalty, interest and costs, if any, all of which defendants have paid."

They also plead the judgment in their favor above mentioned and allege that by reason thereof they owed plaintiff nothing for taxes. We think the pleading in this respect is sufficient, and the trial court ruled correctly in so holding.

The judgment canceling the tax deed is affirmed, and the cause remanded for an accounting between the parties in accordance with the views herein expressed.

LESTER, C. J., and RILEY, CULLISON, and McNEILL, JJ., concur. CLARK, V. C. J., and SWINDALL, ANDREWS and KORNEGAY, JJ., absent.