**STATE ex rel. WILLIAMS et al. v. NEUSTADT et al.**

No. 3072.

Circuit Court of Appeals, Tenth Circuit.

April 16, 1945.

Rehearing Denied May 14, 1945.

Howell Williams, Co. Atty., of Ardmore, Okl., and Rutherford Brett, former Co. Atty. (Ernest W. Tate, Asst. Co. Atty., and Gerald S. Tebbe, former Asst. Co. Atty., all of Ardmore, Okl., on the brief), for appellants.

Ezra Dyer, of Ardmore, Okl., for appellee Walter Neustadt.

Geo. N. Otey, of Ardmore, Okl. (Walace Hawkins, of Dallas, Tex., and W. R. Wallace, of Oklahoma City, Okl., on the brief), for appellee Magnolia Petroleum Co.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

The State of Oklahoma, on the relation of the County Attorney of Carter County, the Board of County Commissioners of Carter County, and the Chairman of the Board of County Commissioners, as trustee for the county, brought this action in the state court against Walter Neustadt, Paul Frame, and Magnolia ·Petroleum Company. Oklahoma Natural Gas Company was subsequently made a party defendant. The purposes of the action were to cancel two deeds of the Board of County Commissioners conveying certain lands to named grantees, respectively; to eject the defendants; to quiet title; to recover damages sustained as the result of withholding possession from the county; to recover rents, issues, and profits, including oil and gas produced and removed; and to obtain the appointment of a receiver to operate the premises. The action was removed to the United States Court. The defendant Neustadt answered, denying the invalidity of the deeds executed by the county and pleading estoppel on the part of the plaintiffs; and by cross complaint, he sought to quiet his title to the lands. The defendant Magnolia Petroleum Company answered, pleading in general the defenses tendered by the defendant Neustadt, admitting that it had purchased from the defendants Neustadt and Frame oil produced from the premises, but alleging that at the time of the purchase the oil had been severed from the premises and was in the open, hostile, and adverse possession of the defendants Neustadt and Frame, and that the defendant Magnolia Petroleum Company had no notice of any defect in the right or title of the defendants Neustadt and Frame in the oil or of any right or claim of plaintiffs therein. A motion to remand was denied; the cause was tried on the admissions contained in the pleadings and an agreed statement of facts; and judgment was entered quieting title in the defendant Neustadt, and requiring the defendants Magnolia Petroleum Company and Oklahoma Natural Gas Company to account to the defendant Neustadt for oil and gas produced and taken from the premises. Plaintiffs appealed. For convenience reference will be made to the parties as they appeared in the trial court.

■ Error is assigned upon the denial of the motion to remand. The action was removed on the petition of the defendant Magnolia Petroleum Company, and the ground of removal was a separable controversy between citizens of different states. There was complete diversity of citizenship between plaintiffs and the removing defendant, but it is urged that the defendants were jointly and severally liable to plaintiffs and that no separable controversy was presented. The right of removal on the ground of a separable controversy has its source in section 28 of the Judicial Code, 28 U.S.C.A. § 71, which in presently material respect provides that "when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district." It is well settled that for the purpose of determining the nature of the controversy as to being joint or separable, the allegations of the complaint at the time of the removal are decisive, in the absence of a showing that one or more of the defendants were fraudulently joined for the purpose of preventing removal. Alabama Great Southern Railway Co. v. Thompson, 200 U.S.

206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Chicago & Alton Railroad Co. v. McWhirt, 243 U.S. 422, 37 S.Ct. 392, 61 L.Ed. 826; Hay v. May Department Stores Co., 271 U.S. 318, 46 S.Ct. 498, 70 L.Ed. 965; Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334; Preston v. Kaw Pipe Line Co., 10 Cir., 128 F.2d 162, certiorari denied, 317 U.S. 674, 63 S.Ct. 80, 87 L. Ed. 541.

The petition in this case contained six separate and distinct counts. It was recited at the beginning of each that plaintiffs "for their joint and several cause of action against the defendants, and each of them, allege and state * * *." But the nature of the action as to whether it presents a joint or separable controversy must be determined by reference to the substance of the pleading, not by general terminology of that kind. It was alleged in the fifth count that the defendants drilled a number of producing wells on the lands; that a large amount of crude oil was taken from them and was converted by the defendants; that the defendant Magnolia Petroleum Company purchased such oil with actual and constructive notice of the invalidity of the title of the defendants Neustadt and Frame; that the defendants Neustadt and Frame received the purchase price for such oil; that the defendants, and particularly the defendant Magnolia Petroleum Company, should be held to account to plaintiffs for the oil purchased; and that the defendant Magnolia Petroleum Company should be enjoined from making further payments to its co-defendants and should be required to deposit future payments in the registry of the court to await the determination of the action. It is the law in Oklahoma that where one converts personal property and sells it to another who has knowledge of the conversion, the two may be joined in an action for conversion. Probst v. Bearman, 76 Okl. 71, 183 P. 886. But that is not the test for determining the question of removability. If, in respect of the non-resident defendant who seeks removal, the controversy is separable within the meaning of the statute, supra, the fact that the state practice permits its joinder in a suit with another controversy as against other defendants, does not preclude removal. Pullman Co. v. Jenkins, supra. The gravamen of the cause of action pleaded in the fifth count, as between plaintiffs and the defendant Magnolia Petroleum Company, was to recover damages for the purchase of crude oil belonging to plaintiffs which had been converted, with notice on the part of the purchaser of the conversion. That controversy was one which could be fully determined as between the parties immediately interested in it without the presence of the other defendants as parties to the action. And it did not cease to be a controversy wholly between such parties because plaintiffs, for their own convenience and with the sanction of state practice, chose to embody in their petition other distinct controversies between themselves and other defendants. As to the defendant Magnolia Petroleum Company, the cause of action pleaded in the fifth count was a separable controversy, the cause was removable, and therefore the motion to remand was properly denied. Preston v. Kaw Pipe Line Co., supra; Creek Indians National Council v. Sinclair Prairie Oil Co., 10 Cir., 142 F.2d 842, certiorari denied, 323 U.S. 781, 65 S.Ct. 269; Sewell v. J. E. Crosbie, Inc., 8 Cir., 127 F.2d 599, certiorari denied, 317 U.S. 643, 63 S.Ct. 36, 87 L.Ed. 518.

The lands involved are divided into two separate tracts. The county had acquired them at tax resale. Separate bids in writing were submitted for the purchase of the two tracts, and in each instance notice of sale was published. One notice was published on July 13, 20, and 27, 1939, of a sale to be held on July 28; the other notice was published on July 20 and 27, and August 3, 1939, of a sale to be held on August 4; the sales were had on those dates, respectively; and the deeds of the county to the purchasers were executed pursuant to them. Section 11, article 31, chapter 66, Laws of Oklahoma 1939, 68 O.S.1941 § 432j, provides among other things that any property acquired by the county at tax resale may be sold after notice published once a week for three consecutive weeks preceding the sale. It is the contention of plaintiffs that the sales were governed by this statute; that in each instance the notice was not published the required length of time; and that for such reason the sales were invalid. There can be no doubt that under the settled law of the state the statute requires publication of the notice for twenty-one days; and that if the statute has controlling application the sales were invalid. Cadman v. Smith, 15 Okl. 633, 85 P. 346; Smith v. Bostaph, 103 Okl. 258, 229 P. 1039; Foster v. Board

146

of Commissioners of Marshall County, 144 Okl. 14, 289 P. 347; Sarkeys v. Lee, 149 Okl. 287, 300 P. 383; Welborn v. Whitney, 190 Okl. 630, 126 P.2d 263.

■ The Act of 1939 was approved on April 15, and it contains an emergency clause. But Article V, section 58, of the Constitution of Oklahoma provides in part that "no act shall take effect until ninety days after the adjournment of the session at which it was passed, except * * * a general appropriation bill, unless, in case of an emergency, to be expressed in the act, the Legislature * * * so directs. An emergency measure shall * * * not include * * * provision for the purchase or sale of real estate, nor the renting or encumbrance of real property for a longer term than one year." The Legislature of 1939 adjourned on April 29, and therefore the ninety-day period following adjournment expired on July 28, 1939. Article 31 of the Act concerns itself with delinquent ad valorem taxes and resales of property. Section 1, 68 O.S.1941, § 432, provides that if any real estate purchased by the county at delinquent tax sale shall remain unredeemed for a period of two years from the date of sale, and no person shall offer to purchase it for the taxes, penalty, and costs, the county treasurer shall proceed to sell it at the time therein specified. Section 3, 68 O.S.1941 § 432b, requires the county treasurer to give notice of the resale and provides that the notice shall contain certain information. Section 5, 68 O.S.1941 § 432d, provides that on the day the real estate is advertised for resale, the county treasurer shall sell it at public auction to the highest bidder for cash. Section 7, 68 O.S.1941 § 432f, provides that the treasurer shall file in the office of the county clerk a return showing each tract sold, the name of the purchaser, and the price paid; and that he shall execute, acknowledge and deliver to the purchaser or his assigns, or to the chairman of the board of county commissioners where such property has been bid off in the name of the county, a deed conveying the real estate resold. And it further provides that the issuance of such deed shall vest in the grantee an absolute and perfect title in fee simple to such lands. Finally, it fixes a time after which no action shall be commenced to void or set aside such deed. And section 11 authorizes the treasurer to sell any property acquired by the county at tax resale, provides the notice to be given of such

sale, provides that the property shall be sold to the highest competitive bidder, for cash in hand, or to the original bidder if there be no higher price offered, provides that the sale shall be subject to the approval of the board of county commissioners in its discretion, and provides that upon approval of such sale the chairman of the board of county commissioners shall execute a deed conveying title to the purchaser upon payment of the purchase price. It seems clear that these provisions, considered together, are within the range of the constitutional provision and therefore the Act, insofar as it provides for the sale of real estate, did not become effective until ninety days after adjournment of the session of the Legislature. Cf. Riley v. Carrico, 27 Okl. 33, 110 P. 738; Gayman v. Mullen, 58 Okl. 477, 161 P. 1051; State ex rel. Marland v. Phillips Petroleum Co., 189 Okl. 629, 118 P.2d 621. In reaching this conclusion we are not unmindful of Shores v. Berry, Okl., 153 P.2d 94. It was there said that 68 O.S.1941 §§ 432f and 432m (section 7, article 31, and section 14, article 31, respectively, of the Act, supra) became effective April 15, 1939. But that was said in connection with a right of redemption, and a careful reading of the opinion makes it clear that the question whether under the constitutional provision the effective date of the Act was postponed until the expiration of the ninety-day period after adjournment of the Legislature was neither considered nor decided.

■ It is further contended that the Act of 1939, supra, is a general revenue measure containing an emergency clause, and that it therefore is excepted from the constitutional provision. The contention calls for little discussion. The constitutional provision excepts from its sweep general appropriation bills, and certainly by no recognized principle of construction known to us can this act be regarded as a measure of that kind.

■ Section 2, article 16, chapter 66, Laws of Oklahoma 1935, provides among other things that any property acquired by the county at tax resale may be sold by the county treasurer after notice by publication and that the notice shall be published once each consecutive week for not less than three publications preceding the sale. Section 17, article 31, chapter 66 of the Act of 1939, supra, repeals section 2 of the Act of 1935; but it expressly provides that such repeal shall not operate to

defeat or nullify any proceedings had or commenced under the repealed section prior to the effective date of the Act of 1939. It is manifest that section 2 of the Act of 1935 was in effect at the time publication of the notices was begun. And each of the notices was published for the length of time required by it. Cadman v. Smith, supra; Smith v. Bostaph, supra; Foster v. Board of Commissioners of Marshall County, supra; Sarkeys v. Lee, supra; Welborn v. Whitney, supra. It is urged in one of the briefs of plaintiffs that the provisions of the Act of 1935 relating to the sale of lands acquired by the county at tax resale apply only to urban property. But to this we cannot assent. There is nothing in such provisions which indicates persuasively a legislative purpose to so limit them.

The next contention is that one of the deeds is void as to a certain forty-acre tract included in it, described as the north half of the *south half* of the southeast quarter of section 18, because no bid was submitted for that land and it was not advertised for sale. According to copies of the bid, notice of sale, report of sale, and deed, attached to the petition, the bid and notice each included the north half of the north half of the southeast quarter of the section, while in his report of sale the treasurer reported that he had sold the north half of the south half of the quarter section, and the deed conformed to that description. But both deeds were attacked in the trial court only on the ground that the notice of sale was not published for the length of time required by law. It was alleged that the deeds were wholly void. But the pleading did not end with that general allegation. It charged that they were void in that they "were executed without authority of law, but contrary thereto in this, to-wit: that each of said notices were not published for the full period of twenty-one days before said sale, as required by the laws of the State of Oklahoma, and that said notices, and each of them, were totally insufficient to constitute a valid notice." There was no allegation whatever in respect of either deed being invalid as to any part of the land conveyed for want of bid or for failure to include it in a notice of sale. At the pre-trial conference had in the court below, the attorney for plaintiffs stated, "At this time the only question we have is the 15 day advertisement." And on the day of the pre-trial conference an agreed statement of facts signed by the parties was filed in the case in which it was agreed that the lands involved were divided into two tracts. The tracts were designated as number one and number two, respectively, and the land in each tract was specifically described by reference to section, township, and range number. The north half of the south half was included in tract one. It was then agreed that the county acquired at tax resale the lands in both tracts; that a written bid for the purchase of tract one was submitted to the county treasurer; that notice of sale was published; that at the sale the highest and best bid was accepted; that a report of the sale was submitted to the Board of County Commissioners; that the Board of County Commissioners approved the sale; and that pursuant to the proceedings, the deed of the commissioners was executed and delivered. In short, it was agreed in substance that the north half of the south half was acquired by the county at tax resale; that a bid was submitted to purchase it; that it was advertised and sold; and that the sale was approved and the deed executed and delivered. The question now presented was not raised in the trial court. It was raised for the first time in the briefs of plaintiffs filed in this court. Not only that, it is squarely in conflict with the facts agreed upon in the trial court. It is well settled that only in exceptional cases will questions not preserved for review in the trial court be considered on appeal. Ordinary questions of this kind, not going to the jurisdiction of the court and not raised in the trial court, will not be reviewed here. National Fire Insurance Co. v. School District No. 68, Sequoyah County, 10 Cir., 115 F.2d 232; Kortz v. Guardian Life Insurance Co., 10 Cir., 144 F.2d 676.

The judgment is affirmed.