2007 OK CIV APP 39

**Patricia A. FRANKS, Plaintiff/Appellant,**

**v.**

**Terry B. NOBLE and Sherry L. Noble, Defendants/Appellees,**

**and**

**Daniel R. McCurley and Judy K. McCurley; Barry Million and Joy Million; The Barry and Joy Million Revocable Trust; Capital Mortgage Corporation; First Horizon Home Loan Corporation; and Cherokee County Treasurer, Defendants.**

**No. 103,753.**

Court of Civil Appeals of Oklahoma, Division No. 2.

April 6, 2007.

---

Steven J. Adams, Fellers, Snider, Blankenship, Bailey & Tippens, P.C., Tulsa, OK for Plaintiff/Appellant.

James Clinton Garland, James C. Garland, III, William J. Garland, Commercial Litigation Group, PA, Tulsa, OK, for Defendants/Appellees.

JOHN F. FISCHER, Presiding Judge.

¶ 1 Appellant Patricia Franks filed this action to quiet title to property located in Cherokee County, Oklahoma. Defendants Terry and Sherry Noble moved for summary judgment asserting that the tax deed by which Franks claimed her title was void. The Trial Court granted judgment to the Nobles, and Franks appeals. This appeal is assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36, 12 O.S. Supp.2002, ch. 15, app. 1. Based on our review of the record on appeal and applicable law, we affirm.

## BACKGROUND FACTS

¶ 2 On March 20, 1958, Francis and Fannie Stewart acquired, by Quit Claim Deed, title to:

The West half of the Northeast quarter of the Southeast quarter of the Southeast quarter of the Southeast quarter of Section

Five (5), Township Fourteen (14) North, Range Twenty–Two (22) East, less easement seven feet wide north and south along South line and less easement ten feet wide east and west along west line of said land for road purposes. (the Property).

The Property consists of all or parts of what is now lots three, four, ten and eleven of Running Springs Estates, an addition in Cherokee County, and is approximately 1.25 acres in size.

¶ 3 On February 17, 1969, Francis and Fannie Stewart conveyed the Property to Murray Stewart by a Quit Claim Deed recorded on February 19, 1969. Murray Stewart reconveyed the Property to Francis Stewart by Quit Claim Deed dated March 10, 1972, which was recorded on September 26, 1972. Francis Stewart then conveyed a 149/900th interest in the Property to both Melinda Stewart and Jeffrey Stewart by Quit Claim Deeds recorded on August 6, 1976. Francis Stewart also conveyed an undivided 149/900th interest in the Property to Cheryl Stewart by Quit Claim Deed recorded on November 15, 1978.[1]

¶ 4 The Cherokee County Treasurer's tax rolls for the years 1990 and 1991 reflect the owner of the Property to be "Stewart, Cheryl D c/o Stewart, Jeffery [sic]." The tax rolls do not reflect the ownership interests of Francis, Melinda or Jeffrey Stewart. Finding taxes on the Property to be delinquent, on August 1, 1991, the Cherokee County Treasurer mailed two envelopes by certified mail, return receipt requested, one addressed to "Cheryl D. Stewart, c/o of Jeffery [sic] Stewart" and the other addressed to "Stewart, Cheryl D." Both notices were sent to the same address in Edmond, Oklahoma. Postal Service Forms 3811 for both mailings were returned unsigned along with the mailings to the Treasurer's office. However, each of the returned envelopes provided a forwarding address in Tulsa, Oklahoma. The record does not contain evidence of any other mailings or attempts to contact any of the Stewarts at the Tulsa address.

¶ 5 The Cherokee County Treasurer's records do contain a Clerk's Certificate of Returns Filed for Issuance of a Tax Deed. That document indicates that Billy G. Franks was issued a tax sale certificate for the Property on October 7, 1991, and that a notice complying with 68 O.S. Supp.1968 § 24323 (renumbered in 1988 as section 3118)[2] was served by the Sheriff on July 16, 1993. Other than the certification by the Clerk of compliance with section 3118, the records do not disclose who was served, where service was made nor do they contain a copy of the notice served or the return of service made by the Sheriff.[3] The Clerk's Certificate also reflects that statutory notice was published on three occasions in August 1993 in the Tahlequah Daily Press and an illegible copy of the notice with the publisher's affidavit is a part of the record. On October 15, 1993, the Cherokee County Treasurer issued a Certificate Tax Deed to Billie Franks covering the Property. Billie Franks died on September 28, 2001. Ultimately, all of his interest in the Property was acquired by Patricia Franks.

¶ 6 On May 11, 1994, Mary and Robert Rucker conveyed real property in Running Springs Estates to Terry and Sheri Noble.[4]

---

1. By virtue of these deeds, as of November 15, 1978, title to the Property was divided as follows:

A. Francis Stewart     an undivided 453/900ths interest
B. Jeffrey Stewart     an undivided 149/900ths interest
C. Melinda Stewart     an undivided 149/900ths interest
D. Cheryl Stewart     an undivided 149/900ths interest

2. In 1988, the statutes dealing with tax sales and tax deeds were renumbered and recodified in Article 31 of Title 68. See Laws 1988, ch. 162, § 161. However, the recodified statutes were not effective until January 1, 1992. Consequently, the previously numbered statutes were in effect at the time of the Cherokee County Treasurer's 1991 tax sale of the Property, but the newly numbered statutes applied to the 1993 tax certificate proceedings. Nonetheless, as they relate to this appeal, there is no material difference between the two versions of the statute. Unless otherwise noted, we will refer to the statutes as they are presently numbered.

3. Title 68 O.S.2001 § 3118 (B) provides, "All service and return shall be made in the same manner as that of summons in courts of record." Title 12 O.S.2001 § 2004 provides the methods for service and return of service in cases filed in courts of record in Oklahoma.

4. Although the August 8, 2006 Journal Entry notes "Sherry Noble" as a defendant, all other

This conveyance did not include any part of the Property. Nonetheless, on April 1, 1998, the Nobles platted and recorded a Deed of Dedication for Running Springs Estates that included the Property and subsequently conveyed lots in Running Springs to other defendants in this case.[5]

¶ 7 Patricia Franks filed her petition to quiet title to the Property on October 7, 2005. On April 25, 2006, the Nobles moved for summary judgment, arguing that Franks lacked standing to quiet title because the tax sale to Billie Franks was invalid and he acquired no title to the Property as a result of the 1993 Certificate Tax Deed. In support of this contention, the Nobles argued: (1) notice of the sale to Cheryl Stewart failed to meet statutory and constitutional requirements; (2) no notice at all was provided to Jeffrey, Melinda or Francis Stewart; (3) Billie Franks did not file the affidavit required by the applicable version of 68 O.S. § 3118 prior to the issuance of the Certificate Tax Deed; (4) the July 16, 1993 Notice of Entitlement purportedly served by the Sheriff was not made and returned in the manner required for service of summons in courts of record; and (5) if service was made by the Sheriff, it would have been invalid because it was made prior to the earliest date permitted by section 3118(B). A hearing was held on the Nobles' motion on July 14, 2006 after which the Trial Court granted judgment in favor of the Nobles and against Franks.[6] The Trial Court's judgment is reflected in a Journal Entry filed August 14, 2006. On October 23, 2006, the Trial Court found, pursuant to 12 O.S.2001 § 994, that there was no just reason for delay and certified its August 8, 2006 Journal Entry for immediate appeal.

Franks filed this timely appeal from that Judgment.

## STANDARD OF REVIEW

¶ 8 We review a trial court's grant of summary judgment de novo. Carmichael v. Beller, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. On review, we examine the pleadings and evidentiary materials submitted by the parties to determine whether there exists a genuine issue of material fact. Id. We view all evidentiary materials in the light most favorable to the nonmoving party and independently decide the legal issues resolved by the trial court. Id.

## DISCUSSION

¶ 9 The legitimacy of Patricia Franks's interest in the Property is contingent on whether the Treasurer's October 7, 1991 tax sale to Billie Franks and the issuance of the 1993 Certificate Tax Deed complied with the constitutional and statutory procedures authorizing the sale of real property for delinquent taxes. The determination of that question depends on the resolution of two basic issues: (1) the sufficiency of the 1991 tax sale proceedings; and (2) the sufficiency of the 1993 tax deed proceedings.

### I. The 1991 Tax Sale Proceedings

¶ 10 A county treasurer may sell real property located within the county to pay delinquent taxes. 68 O.S.2001 § 3105. Section 3106 of Title 68 requires the treasurer to advertise the property for sale and "give notice [of the sale] by certified mailing to the

documents conveying title to her memorialize her name as "Sheri Noble."

5. For example, on April 22, 1998, the Nobles conveyed lots three and four of Running Springs Estates to Daniel and Judy McCurley. On May 5, 1999, the McCurleys mortgaged lots three and four to Mortgage Correspondent Services. The Nobles conveyed lot ten and a portion of lot eleven of Running Springs Estates to the Barry and Joy Million Revocable Trust on January 11, 2001. On March 8, 2001, the Barry and Joy Million Revocable Trust conveyed its interest in lots ten and eleven to James and Joy Million, husband and wife. The Millions mortgaged the property to the Capital Mortgage Corporation on

March 8, 2001. On October 17, 2002, Capital Mortgage assigned the mortgage to First Horizon Home Loan Corporation.

6. At this hearing, counsel for the Nobles represented, without objection, that although the Nobles believed they held good title to all of Running Springs when they sold part of the property to the McCurleys and the Millions, subsequent to the filling of this case, they acquired all of the interest held by the Stewarts. Consequently, we need not consider whether the Stewarts are real parties in interest or indispensable parties to these proceedings pursuant to 12 O.S.2001 §§ 2017 and 2019.

owner of said real property, as shown by the last tax rolls in his office." Oklahoma has recognized both a statutory and constitutional duty imposed on the treasurer in this regard.

## A. The Statutory Duty

¶ 11 In addition to notice by publication, the treasurer is required to "give notice" to the property owner and the statute provides that the method used shall be by mailing a copy of the notice to the property owner by certified mail. A practically identical mailing requirement was at issue in *Wells Fargo Credit Corp. v. Ziegler*, 1989 OK 113, 780 P.2d 703.[7] In *Ziegler*, the Supreme Court held that the notice statute imposed more than an obligation to place the notice in the mail but also required the treasurer to exercise "reasonable diligence" in locating the party entitled to notice. *Id.* at ¶ 6, 780 P.2d at 705. While *Ziegler* involved the notice required by section 24331 to a mortgagee, we find no material difference in the language used for the mailing requirement of section 3106 or the due diligence required by the treasurer in satisfying that requirement. A county treasurer seeking to sell property for delinquent taxes pursuant to section 3105 must exercise due diligence in locating the owner entitled to mailing notice required by section 3106.

## B. The Constitutional Duty

¶ 12 In 1986, the Oklahoma Supreme Court decided *Luster v. Bank of Chelsea*, 1986 OK 74, 730 P.2d 506. In *Luster*, the treasurer mailed the notice required by section 3106 to the mineral interest owner because the tax rolls erroneously reflected that he was the owner of all interests in the property. In reliance on *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the *Luster* Court held that fundamental due process required notice reasonably calculated, under all the circumstances, to apprise a party of the pendency of the action and afford them an opportunity to present objections. "It is the totality of the circumstances and conditions of each individ-

ual case that determines if the constitutional requirements of due process are satisfied." *Luster*, 1986 OK 74 at ¶ 17, 730 P.2d at 510. Finding the treasurer's failure to mail any notice of the tax sale to Luster a constitutional infirmity, the *Luster* Court held that the treasurer did not acquire jurisdiction to issue a valid tax certificate and, therefore, any tax deed subsequently issued on the basis of that certificate was void.

## C. The Rights of Francis and Melinda Stewart

¶ 13 Pursuant to section 3106, the Cherokee County Treasurer sent the envelopes to Cheryl Stewart and to Cheryl Stewart c/o Jeffery Stewart as previously discussed. Because there was no attempt whatsoever to contact Francis and Melinda Stewart, we separately analyze the sufficiency of the 1991 tax sale as to them. Because of an error, the Cherokee County Treasurer's tax rolls did not reflect the ownership interest of Francis and Melinda Stewart and, consequently, no notice of the tax sale was mailed to them. Their claim to title to the Property is resolved by *Luster*. Absent notice of the sale, the Treasurer did not acquire jurisdiction to affect their title to the Property. Further, as *Luster* also holds, publication notice cannot cure this defect:

> Theoretically, publication may be available for all the world to see, but it is presumptuous to suppose that anyone could read all that is published to see if something may be reported which affects his/her property interest. Exclusive reliance on an inefficacious means of notification cannot be permitted under the *Mullane* doctrine—neither necessity nor efficiency can abrogate the rule that, within the limits of practicability, notice must be reasonably calculated to reach the interested parties.

*Luster*, 1986 OK 74 at ¶ 17, 730 P.2d at 510 (quoting *Cate v. Archon Oil Co., Inc.*, 1985 OK 15, ¶ 8, 695 P.2d 1352, 1356). Due process does not require that the property owner actually receive notice. *Dusenbery v. United States*, 534 U.S. 161, 170, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002). *See also*, 68

7. The "County Treasurer shall ... give notice by certified mail ... to all mortgagees." 68 O.S. Supp.1986 § 24331, renumbered in 1988 as section 3127.

O.S.2001 § 3106 ("Failure to receive said notice shall not invalidate said sale"). Nonetheless, "when notice is a person's due ... [t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane*, 339 U.S. at 315, 70 S.Ct. at 657.

■ ¶ 14 Failing to mail the statutorily required notice to Francis and Melinda does not satisfy constitutional requirements. Consequently, the Cherokee County Treasurer did not acquire jurisdiction over the interest in the Property held by Francis and Melinda. Therefore, the 1991 tax sale was void as to them and did not affect their title to the Property.

### D. The Rights of Cheryl and Jeffrey Stewart

¶ 15 Although the Treasurer's tax rolls did not show the ownership interest of Jeffrey Stewart and he was not mailed notice in his own name, we need not decide whether the notice mailed to him for Cheryl would have been sufficient. The envelope mailed to Jeffrey was returned to the Treasurer without a signed receipt as was the envelope mailed to Cheryl in her own name. Further, both envelopes contained a forwarding address. Consequently, not only was the return of the envelopes and the absence of a return receipt a "red flag alerting the County Treasurer to exercise reasonable diligence" in locating Jeffrey and Cheryl, *Ziegler*, 1989 OK 113 at ¶ 6, 780 P.2d at 705, but failure to follow up based on that information was constitutionally insufficient.

¶ 16 In *Jones v. Flowers*, 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006), the United States Supreme Court recently interpreted *Mullane* and the Fourteenth Amendment to the United States Constitution to require follow up when certified mail notice of a tax sale is returned unclaimed, even though the mailings satisfied the "reasonably calculated" test established in *Mullane*. "Failure to follow up would be unreasonable, despite the fact that the letters were reasonably calculated to reach their intended recipients when delivered to the postman." *Jones*, 547 U.S. 220 at ——, 126 S.Ct. at 1716.

¶ 17 As in *Luster*, the United States Supreme Court held that publication notice does not cure constitutionally insufficient mail notice required by statute.

Chance alone [brings a person's attention to] an advertisement in small type inserted in the back pages of a newspaper,

* * * *

[and is adequate only where] it is not reasonably possible or practicable to give more adequate warning.

*Mullane*, 339 U.S. at 315–17, 70 S.Ct. at 658. Here, it was possible to give more adequate notice because the Treasurer had a forwarding address for Cheryl and Jeffrey.

■ ¶ 18 Consequently, the notice of the 1991 tax sale to Cheryl and Jeffrey was defective for two reasons. First, the Treasurer failed to exercise the due diligence we find is required by 68 O.S.2001 § 3106 in giving notice of the tax sale to them and, therefore, they did not receive the statutorily required tax sale notice. "[N]o notice is sent unless there is an exercise of reasonable diligence." *Ziegler*, 1989 OK 113 at ¶ 6, 780 P.2d at 705. Second, the Treasurer was constitutionally required, as is clear from *Luster*, *Mullane* and *Jones*, to attempt to locate Cheryl and Jeffrey at the forwarding address, when provided with that information and the unclaimed mailings showing that the original notices had not been received. Further, in conjunction with the failure of due diligence and the clerk's failure to pursue notice by forwarding the returned mail, it must be noted that publication notice in this case did not cure the constitutionally defective mailing notice and is not a substitute for compliance with the statutory mailing requirements.

¶ 19 Oklahoma has consistently recognized that the statutorily prescribed method and manner of service in matters relating to tax sales are mandatory. *See Smith v. Bostaph*, 1924 OK 937, 103 Okla. 258, 229 P. 1039; *Clark v. Duncanson*, 1920 OK 289, 79 Okla. 180, 192 P. 806, and cases cited therein. Failure to comply with the notice requirements deprives the county treasurer of jurisdiction and, any tax certificate issued in the absence of the required notice is void. *Luster*, 1986 OK 74 at ¶ 6, 730 P.2d at 507;

*Clark,* 1920 OK 289 at ¶ 0, 192 P. at 806 (Syllabus 1).

## II.  The 1993 Tax Deed Proceedings

¶ 20 Despite the obvious defects in the 1993 tax deed proceedings noted by the Nobles in their motion, we need not consider those issues. Because the Treasurer "unconstitutionally exercised jurisdiction of the original sale," *Ziegler,* 1989 OK 113 at ¶ 6, 780 P.2d at 705, the tax deed subsequently issued to Billie Franks was void. Thus, Patricia Franks could not have acquired title to the Property and the Trial Court properly granted the Nobles' motion for summary judgment.

## CONCLUSION

¶ 21 Because the 1991 notice of tax sale was statutorily and constitutionally defective, the Cherokee County Treasurer did not acquire jurisdiction of the Property to issue a valid tax certificate to Billie Franks. Consequently, that tax certificate could not have been converted into a valid tax lien even if Franks had complied with the statutes applicable to tax deeds. The material facts relevant to the Nobles' summary judgment motion are apparent from the records of the Cherokee County Treasurer and are not in dispute. Thus, the Trial Court correctly determined that Patricia Franks did not have title to the Property and properly granted judgment in favor of the Nobles.

¶ 22 **AFFIRMED.**

RAPP, C.J., and WISEMAN, J., concur.