**UNITED STATES of America,
Appellant,**

v.

**Joe Fred MALINKA, Appellee.**

**No. 58867.**

Court of Appeals of Oklahoma,
Division No. 1.

Jan. 31, 1984.

Released for Publication by Order of
Court of Appeals March 15, 1984.

Nancy A. Nesbitt, Asst. U.S. Atty., Tulsa, for appellant.

Savage, O'Donnell, Scott, McNulty & Cleverdon by Richard Cleverdon, Tulsa, for appellee.

ROBINSON, Judge:

The sole question in the present appeal is whether constructive notice to a mortgagee [Appellant], holder of a validly executed and recorded mortgage, of a tax resale of the mortgaged property for delinquent taxes is sufficient to comply with due process of law. Appellee is the purchaser of property at a tax resale. The trial court rejected the challenge and quieted title to the property in Appellee. The question is submitted to this Court on a stipulated record of the facts as follows:

1. By virtue of a county treasurer's resale deed dated June 13, 1978, and recorded at Book 4333, page 2115, in the records of the County Clerk, Tulsa County,. Oklahoma, the plaintiff, Joe Fred Malinka, is the grantee of a parcel of land described as follows:

North twenty feet of South one hundred and fifty feet of Lot 1, and South seventy feet of North hundred and fifty feet of Lot 1, Block 4, Rosedale

Addition to the City of Tulsa, Tulsa County, Oklahoma.

2. This resale deed was executed in substantial compliance with Title 68 O.S. § 24336.

3. Publication notice of the original sale of the above-described real estate for delinquent taxes was given by the County Treasurer as required by Title 68 O.S. § 24312.

4. Publication notice of the resale of the subject real estate for delinquent taxes was given by the County Treasurer as is required by Title 68 O.S. § 24331.

5. The County Treasurer held the tax sale certificate that was issued on the subject real estate. The tax sale certificate was not issued to or signed to an individual. Consequently, no certificate tax deed was executed pursuant to Title 68 O.S. § 24323.

6. By virtue of a real estate mortgage dated December 6, 1971, and recorded at Book 3935, page 680 in the records of the County Clerk, Tulsa County, Oklahoma, defendant, United States of America, is the mortgagee of the subject real estate.

7. This mortgage was validly executed and recorded and has not been released.

8. Before the original sale and the sale of the subject real estate, no effort was made by the County Treasurer to ascertain the existence or location of any persons or entities having an interest in the subject real estate and in particular the United States of America other than those set forth in Title 68, O.S., §§ 24312, 24331, *supra.*

9. No personal notice by certified mail or otherwise was given to the United States of America prior to the original sale or the resale of the subject real property. Record, pp. 22–23.

The gravaman of Appellant United States' appeal is that the notice provisions in the Oklahoma tax resale statute [68 O.S. 1981 § 24331] violates due process under *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) and *Bomford v. Socony Mobile Oil Co.,* 440 P.2d 713 (Okl.1968). In

*Mullane,* the Court held that notice by publication of a judicial settlement of certain trust accounts was unconstitutional as to known, present beneficiaries of the trust since the publication notice was not "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections...." 339 U.S. at 314–15, 70 S.Ct. at 657–58. In *Bomford,* the Oklahoma Supreme Court, in construing the Oklahoma statutes on service of process by publication and relying on *Mullane,* held that notice by publication is insufficient with respect to one whose name and address is known or readily ascertainable from sources at hand. Thus, the United States argues that since it had validly executed and recorded its mortgage which was a matter of public record with respect to subject property, that the County Treasurer could have easily ascertained its name and address and sent personal notice of the tax resale.

Subsequent to the trial court opinion of June 24, 1982, and the briefing of the case on appeal by the respective parties, the Supreme Court of the United States decided on June 22, 1983, *Mennonite Board of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). *Mennonite* decided the question of "whether notice by publication and posting provides a mortgagee of real property with adequate notice of a proceeding to sell the mortgaged property for non-payment of taxes". The Court held it did not. Because of the similarity between the Oklahoma tax resale procedures under § 24331, with the Indiana tax sale procedure discussed in *Mennonite,* we find *Mennonite* controlling in the present case and requires a reversal of the decision below.

The similarities between the Oklahoma and Indiana procedures for collecting delinquent ad valorem taxes on real estate by virtue of a tax sale are indeed imposing. *Compare* 68 O.S. 1981 § 24303 *et seq.* with

Ind.Code § 6–1.1–24–1 *et seq.*[1] Briefly, the Oklahoma procedure for collection of delinquent ad valorem taxes is as follows. Taxes upon real property are deemed to be lien on that property from the date which such tax becomes due and payable. § 24304. The County Treasurer is empowered to sell the real estate subject to the lien, as provided by law. § 24311. The County Treasurer shall give notice of the sale to the owner by mail, and shall publish notice of the sale once a week for three consecutive weeks immediately prior to the sale. § 24312. The notices shall contain a notification that the property upon which the taxes are delinquent and due will be sold, and of the time and place of the proposed sale, the name or names of the last owner or owners as reflected by the record in the office of the County Treasurer, the amount of taxes due and delinquent, and importantly, notice of the owner's right of redemption. The statutes further provide that the Treasurer shall offer the subject property for sale for delinquent taxes on the first Monday in October of each year. § 24313.

A successful purchaser at the tax sale, hereinafter referred to as original tax sale, is entitled to a certificate in writing describing the land so purchased and the time when the purchaser will be entitled to a deed to the subject real property. § 24316. If there are no successful bidders at the original tax sale, the County Treasurer is authorized to bid off the real estate offered at the sale for the amount of taxes thereon in the name of the county in which the sale takes place, whereby the county acquires both legal and equitable rights to the real property by virtue of said purchase. § 24313.1. In either case, the statutes provide for a two-year period of redemption by the owner of any of the real estate sold for taxes, or any person having a legal or equitable interest therein. §§ 24318 and 24323. In the absence of such redemption

by the owner or person entitled to redeem, the certificate holder of the original tax sale is entitled to a deed upon a further notice to the owner that unless redemption is made within 60 days a tax deed will be demanded and will issue as provided by law. § 24323.

If there was no purchaser at the original tax sale, the County Treasurer is authorized to hold a tax resale of the property after the statutory period of redemption has run. § 24329. The tax resale must be done according to law, providing for actual notice of the resale to the owner, and publication of the sale in the newspaper. § 24331 [reproduced *infra*]. Finally, the tax deeds to the property, whether issued by virtue of the original tax sale or by virtue of a tax resale, vests in the holder a fee simple interest in the property cutting off all prior interests in the property, including that of a mortgagee. §§ 24323 and 24335.

The statute in question, 68 O.S. 1981 § 24331, which Appellant argues is violative of the due process cause of the Constitution, provides for publication notice of the tax resale, but does not provide for personal notice to the mortgagee of the subject property, and reads in part as follows:

The County Treasurer shall give notice of the resale of such real estate by publication thereof once a week for four (4) consecutive weeks preceding such sale, in some newspaper, having been continuously published one hundred four (104) consecutive weeks with admission to the United States mails as second class mail matter, with paid circulation and published in the county where delivered to the mails, to be designated by the County Treasurer; and if there be no paper published in the county or publication refused, he shall give notice by written or printed notice posted on the door of the courthouse.... The County Treasurer

---

**1.** The Indiana Legislature amended their code in 1980 to provide for notice by certified mail to any mortgagee of real estate property which is subject to a tax sale for payment of delinquent taxes. The procedure provides for such notice only if the mortgagee has annually requested

such notice and has agreed to pay a fee, not to exceed $10.00 to cover the service charge. We note that the Supreme Court specifically withheld any decision concerning the constitutionality of the new Indiana procedure. *See* —— U.S. at ——, n. 2, 103 S.Ct. at 2708, n. 2.

shall, at least thirty (30) days prior to such resale of real estate, give notice by certified mail, by mailing to the owner of said real estate, as shown by the last tax rolls in his office, a notice stating the time and place of said resale and showing the legal description of the owner's property in said resale, provided, that failure to receive said notice shall not invalidate the resale.

68 O.S. 1981 § 24331.

The Indiana procedure, addressed in *Mennonite*, essentially tracks the original tax sale procedure in Oklahoma. The County Auditor must post notice in the county court house of the sale of real estate for non-payment of property taxes and must publish notice once a week for three consecutive weeks prior to the sale. Notice must also be given to the owner of the property by certified mail, but like Oklahoma's procedure, no provision for notice by mail or personal service to the mortgagees of the property is required. Thus, the central difference between the case at bar and the case in *Mennonite, supra,* is that in the case at bar, the tax deed was derived by virtue of a tax sale resale directly from the County Treasurer, whereas in *Mennonite,* the deed in question was derived from a certificate tax deed from an original tax sale. We find, however, that the broad language in *Mennonite* requires that in either case, the mortgagee of real estate subject to forfeiture for the owner's failure to pay real estate ad valorem taxes is entitled to actual notice before its constitutionally protected interests in the real estate can be terminated.[2] *Mennonite* clearly places the onus on the State to provide actual notice to the mortgagee where the mortgagee's identity can be reasonably discovered, notwithstanding that the mortgagee might take certain steps to protect its own interest.

Neither notice by publication and posting, nor mailed notice to the property owner, are means 'such as one desirous of actually informing the [mortgagee]

might reasonably adopt to accomplish it' .... Notice to the property owner, who is not in privity with his creditor and who has failed to take steps necessary to preserve his own property interest, also cannot be expected to lead to actual notice to the mortgagee. The County's use of these less reliable forms of notice is not reasonable where, as here, 'an inexpensive and efficient mechanism such as mail service is available.'

Personal service or mailed notice is required even though sophisticated creditors have means at their disposal to discover whether property taxes have been paid and whether tax sale proceedings are therefore likely to be initiated.

— U.S. at ——, 103 S.Ct. at 2711–12 [citations omitted].

In the present case, Appellee argues that *Mennonite* is distinguishable since, in that case, the mortgagor had continued to make mortgage payments to the mortgagee and therefore the mortgagee was entitled to rely upon that action as evidence that the mortgagor was taking all steps necessary to protect the mortgagee's interest in the property. *Mennonite* cannot be read so narrowly, "since a mortgagee clearly has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale." — U.S. at ——, 103 S.Ct. at 2711. Further, the Court clearly rejected such an analysis since "a party's ability to take steps to safeguard its interest does not relieve the State of its constitutional obligation ... [and] furthermore, a mortgagee's knowledge of delinquency in the payment of taxes is not equivalent to notice that a tax sale is pending." — U.S. at ——, 103 S.Ct. at 2712.

Finally, Appellee argues that in Oklahoma it is well-established that the County Treasurer in each county furnishes tax information to interested parties, upon request, and without imposition of a fee. Appellee requests this Court take judicial no-

---

**2.** We note further that under Indiana law, like Oklahoma, the mortgagee is not a legal owner

of the subject property. *Foster v. Marshall,* 141 Okl. 246, 284 P. 882 (1930).

tice of this procedure. The Court declines to so notice since, as we have stated above, *Mennonite* clearly places the onus on the State to provide notice notwithstanding that a mortgagee might take steps to protect its own interest.

■ The Oklahoma original tax sale and resale procedures are silent with respect to actual notice of the sale to the mortgagee. *Mennonite* requires that such notice be given to the mortgagee prior to terminating its constitutionally protected interest in the subject property. Thus, the Oklahoma tax sale and resale procedures, as applied to the mortgagee in this case, are unconstitutional and therefore void. The case is therefore remanded to the trial court with an order to vacate the tax resale deed held by Appellee Malinka. The trial court is further ordered to direct the County Treasurer to begin new proceedings to enforce its tax lien, provided that Appellant/mortgagee be given actual notice of the proceedings so that it might protect its interest in the subject property by foreclosure of its mortgage and exercising its right of redemption as provided by law. § 24318. *See Adams v. Rogers,* 158 Okl. 163, 13 P.2d 170 (1932). Appellee is entitled to reimbursement of his original purchase money with interest from the County Treasurer. § 24328.

REVERSED AND REMANDED.

YOUNG, P.J., and REYNOLDS, J., concur.