**WELLS FARGO CREDIT CORPORATION,**
Appellee,

v.

**Joseph R. ZIEGLER, and Joyce R. Ziegler, Appellants.**

**No. 70539.**

Supreme Court of Oklahoma.

July 18, 1989.

Rehearing Denied Sept. 20, 1989.

Mark W. Kuehling, Lamun Mock Feath-erly Kuehling & Cunnyngham, Oklahoma City, for appellee.

Leslie S. Hauger, Jr., Tulsa, for appellants.

ALMA WILSON, Justice.

This appeal involves a dispute between appellants Zieglers, title owners of realty by virtue of a resale tax deed, and appellee Wells Fargo Credit Corporation, the mortgagee.

In 1983, L.M.B. Enterprises executed a promissory note and mortgage in favor of Wells Fargo. L.M.B. failed to pay the ad valorem taxes on the mortgaged property and the property was subsequently sold to Tulsa County in 1984 for nonpayment of taxes. L.M.B. also defaulted on its promissory note. Consequently, Wells Fargo filed a foreclosure action on April 9, 1987 and contemporaneously therewith filed a notice of pendency of action pursuant to 12 O.S.Supp.1986 § 2004.2. While the foreclosure suit was pending the Tulsa County Treasurer offered the property at resale pursuant to 68 O.S.1981 §§ 24311, 24329 and mailed notice by certified mail pursuant to 68 O.S.Supp.1986 § 24331 to Wells Fargo's address as shown on the promissory note and in Tulsa telephone directory. However, neither the notice nor a return signed receipt was returned to Tulsa County Treasurer. On June 8, 1987, the Zieglers purchased the property from Tulsa County for $42,100.00 and received a resale tax deed. In July of 1987, Wells Fargo amended its petition in its foreclosure action naming the Zieglers as additional defendants. In August of 1987, the Zieglers filed a quiet title action. The two cases were consolidated and from the judgment and order rendered therein the Zieglers appeal.

In its Journal Entry of Judgment, the trial court found that Wells Fargo did not receive actual notice of the tax resale and therefore the resale tax deed was ineffective to extinguish Wells Fargo's mortgage. The trial court further found that any interest acquired by the Zieglers by virtue of the tax sale was subject, junior and inferior to the interests of Wells Fargo by virtue of 12 O.S.Supp.1986 § 2004.2. The trial court ordered that Wells Fargo's mortgage be foreclosed. The property was subsequently sold at sheriff's sale and thereafter confirmed by the court wherein Wells Fargo purchased the property for $431,700.00. In its Order Settling Unresolved Issues, the trial court found that pursuant to 68 O.S. Supp.1986 § 24331, the Zieglers received a valid resale tax deed but that due to failure of actual notice of resale to Wells Fargo the resale tax deed was subject to the mortgage of Wells Fargo. By virtue of the valid tax deed the trial court found that 68 O.S. § 24328 was not applicable.[1] Wells Fargo was ordered to pay into court $19,790.61, the sum of the delinquent taxes, interest and cost, for the benefit of the Zieglers pending the outcome of this appeal. The trial court further ordered that the rent collected by the Zieglers be first applied to any deficiency judgment obtained by Wells Fargo with the excess paid to the Zieglers. The trial court awarded attorney fees to Wells Fargo against the Zieglers pursuant to 42 O.S. § 176.

On appeal the Zieglers urge that the trial court erred in finding that as a matter of law the doctrine of lis pendens operates to prevent sale of real estate for delinquent taxes. This is an erroneous interpretation of the Journal Entry of Judgment and therefore a misstatement of the issue. At no time did the trial court find that the doctrine of lis pendens operates to prevent sale of real estate for delinquent taxes. We therefore do not address the issue as misstated.

---

1. 68 O.S. § 24328 provides that when a tax sale is found to be illegal, the county treasurer shall save the purchaser harmless by refunding the original purchase money paid thereon.

The dispositive issue is whether the trial court erred in finding that Wells Fargo did not receive actual notice of the tax resale and the mere publication and mailing of notice without the actual receipt are insufficient where the means of providing actual notice is readily available. We hold the trial court did not err. 68 O.S.Supp.1986 § 24331 provides in pertinent part that the:

County treasurer shall ... give notice by certified mail ... to all mortgagees of record of said real estate a notice stating the time and place of said resale and showing the legal description of the real property to be sold. If the county treasurer does not know and cannot, by the exercise of reasonable diligence, ascertain the address of any mortgagee of record then the county treasurer shall cause an affidavit to be filed with the county clerk ... stating such fact which affidavit shall suffice, along with publication as provided for by this section, to give any mortgagee of record notice of the resale. Neither failure to send notice to any mortgagee of record of said real estate nor failure to receive notice as provided for by this section shall invalidate the resale, but the resale tax deed shall be ineffective to extinguish any mortgage on said real estate of a mortgagee to whom no notice was sent.

The Zieglers argue that under the statute the mailing of notice by certified mail to the mortgagee constitutes actual notice regardless of whether the mailed notice is received by mortgagee. In other words, the Zieglers urge that the literal compliance with the statute by satisfying the act of mailing constitutes notice. This is a too narrow construction. The statute requires the county treasurer to exercise reasonable diligence in locating the mortgagee. Furthermore, "prior to an action which will affect an interest in life, liberty or property protected by the Due Process Clause of the Fourteenth Amendment, a state must provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795, 103 S.Ct. 2706, 2709, 77 L.Ed.2d 180, 185 (1983) citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), "The notice must be of such nature as reasonably to convey the required information...." *Mullane*, 339 U.S. at 314, 70 S.Ct. at 657, 94 L.Ed. at 873. The notice as given in this case neither comports with the statutory mandate of reasonable diligence in locating the mortgagee nor with the constitutional requirement of due process.[2] The absence of a return receipt was a red flag alerting the County Treasurer to exercise reasonable diligence in locating Wells Fargo. Yet, the County Treasurer went no further in its attempt to provide notice in this case. The act of mailing, in and of itself, does not constitute actual notice. "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party...." *Mennonite Bd. of Missions*, 103 S.Ct. at 2712. In the instant case, the act of mailing without proof of receipt of notice falls short of the exercise of reasonable diligence in assuring actual notice. Pursuant to 68 O.S. Supp.1986 § 24331 "a resale tax deed shall be ineffective to extinguish any mortgage on said real estate of a mortgagee to whom no notice was sent." In construing § 24331 in its entirety we conclude that no

---

**2.** We note that 68 O.S.Supp.1986 § 24331 comports with due process but that the county treasurer did not comply with the necessary exercise of due diligence as mandated therein.

In *Cate v. Archon*, 695 P.2d 1352 (Okla.1985) we held that the notice procedures of 12 O.S. 1981 § 757 (governing the sale of goods and chattels) and 12 O.S.1981 § 764 (governing the sale of realty) could not withstand due process challenge. These statutes provided for notice by publication only. Unlike *Cate* we today construe a statute wherein mailed notice is required. *Cate* is applicable to the extent that we said:

Due process requires adequate notice, a realistic opportunity to appear at a hearing or judicial sale, and the right to participate in a meaningful manner before one's rights are irretrievably altered. *The right to be heard is of little value unless adequate notice is given.* *Cate* at 1356.

notice is sent unless there is an exercise of reasonable diligence.

■ We next address the issue of whether the county treasurer should refund the purchase money[3] to the Zieglers pursuant to 68 O.S. § 24328. As noted earlier, the trial court held the Zieglers' resale tax deed valid rendering 68 O.S. § 24328 inapplicable. We agree. 68 O.S.Supp.1986 § 24331 provides that "[n]either the failure to send notice to any mortgagee of record of said real estate nor failure to receive notice as provided by this section shall invalidate the resale...." The case before us is distinguishable from *United States v. Malinka,* 685 P.2d 405 (Okla.Ct.App.1984) wherein the holders of the tax deed were entitled to reimbursement of the purchase price from the county treasurer. In *Malinka,* the Court of Appeals followed *Mennonite* and held the tax sale and resale procedures unconstitutional and void under the predecessor to 68 O.S.Supp.1986 § 24331. Prior to amendment, § 24331 only provided for notice by publication to the mortgagee. In response to *Mennonite* and *Malinka,* the Oklahoma legislature amended 68 O.S. § 24331 providing for mailed notice to the mortgagee and further providing that failure to send or receive notice shall not invalidate the resale.

The case before us is also distinguishable from *Luster v. Bank of Chelsea,* 730 P.2d 506 (Okla.1986). In *Luster,* the county treasurer did not mail written notice of the original sale nor resale to the property owner as provided for in 68 O.S.1981 §§ 24312, 24331 (later amended 1984). Again, prior to amendment, § 24331 provided the mortgagee with notice of resale by publication. Though the trial court found the mortgagee received actual notice we found that notices to owner and mortgagee were insufficient. We held that the county treasurer unconstitutionally exercised jurisdiction of the original sale and resale and thus the resale tax deed was void. We expressly stated in *Luster* that the "resale

deed is void by virtue of insufficient notice" to the owner and hence the "mortgage cannot be extinguished by the void resale deed...." *Luster,* 730 P.2d at 510.

■ Finally, we dispense with Well Fargo's claims that this appeal should be dismissed as to Appellants' third, fourth and fifth assignments of error because the Zieglers failed to timely appeal from the Order Settling Unresolved Issues. An Amended Petition in Error raising the third, fourth and fifth assignments of error relating to the Order Settling Unresolved Issues was filed on August 12, 1988. Notice of Completion of Record was on August 9, 1988 and an Amended Completion of Record was on September 1, 1988. Appellants Brief-in-Chief was filed on September 14, 1988. Wells Fargo's claim is without merit. Appeal is timely pursuant to Rules 1.17 and 1.28 of the Rules of Appellate Procedure. Wells Fargo also claims that the appeal is moot because the Zieglers failed to prevent the foreclosure sale by posting a supersedas bond and thus stay the sheriff's sale and appeal from the order confirming the sale. Wells Fargo contended that the confirmation of the sheriff's sale and the failure to timely appeal the order confirming the sheriff's sale results in the extinguishment of any interest of the Zieglers in the property. Wells Fargo argues that the sale of the property at the sheriff's sale and the later confirmation of said sale is a binding judgment which can only be attacked by a separate appeal. In other words, it appears that Wells Fargo is arguing that the Zieglers failed to appeal the right judgment. This novel concept is without merit. The posting of a bond to stay execution of a judgment is neither a prerequisite nor a jurisdictional requirement to an appeal. *Adams v. Unterkircher,* 714 P.2d 193 (Okla.1985).

We summarily dispose of the remaining issues proffered for review herein. We find no error in the trial court's determina-

---

**3.** The purchase price of $42,100.00 consisted of a premium of $23,607.27 and approximately $19,000.00 of delinquent taxes. Pursuant to 68 O.S. § 24335(C) the county treasurer paid the premium to L.M.B. and as noted in the body of

this opinion Wells Fargo was ordered to pay the taxes into court for the benefit of the Zieglers pending the outcome of this appeal. The county treasurer did not file a brief in this appeal.

tion of payment, as the parties were paid according to priority. Attorney fees likewise were properly awarded pursuant to 42 O.S. § 176.

We accordingly affirm the trial court in all respects.

HODGES, LAVENDER, DOOLIN, KAUGER and SUMMERS, JJ., concur.

OPALA, V.C.J., concurs in judgment.

HARGRAVE, C.J., and SIMMS, J., concur in result.