1998 OK CIV APP 31

1998 OK CIV APP 31

**Dolores STOTTLEMYRE, formerly Russell, Plaintiff/Appellee,**

v.

**Niles E. HAWORTH and Marlene Haworth, Defendant/Appellants,**

**David T. Radcliff, Canadian County Treasurer, Defendant.**

**No. 89241.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 16, 1997.

Certiorari Denied March 11, 1998.

Harold B. McMillan, Jr., Oklahoma City, for Appellants.

Jack D. McCurdy, II, Yukon, for Appellee.

JOPLIN, Judge:

¶ 1 Defendant/Appellants Niles E. Haworth and Marlene Haworth (Appellants) seek review of the trial court's order granting summary judgment to Plaintiff/Appellee Dolores Stottlemyre, formerly Russell (Appellee) in Appellee's action to set aside Appellants' resale tax deed. Herein, Appellants

assert that, contrary to the trial court's findings, the notices of tax deficiency and sale properly mailed to Appellee at her last known address(es) as shown by the tax rolls by Defendant David T. Radcliff, Canadian County Treasurer (Treasurer) met all relevant statutory and constitutional due process requirements, and that as such the trial court erred in granting summary judgment to Appellee. We find no error, and affirm.

¶ 2 Simply put, Appellee failed to pay ad valorem taxes on her property for the tax year 1991. Treasurer mailed, both by certified mail/return receipt requested (as required by statute) and by regular mail (not required by statute), all notices of the tax deficiency, initial tax sale and subsequent tax resale to Appellee to her last known address as shown by the tax rolls. All notices were returned "unclaimed" or "undeliverable." Appellants purchased the property at tax resale and obtained a resale tax deed covering Appellee's property.

¶ 3 Appellee subsequently commenced suit against Appellants and Treasurer to set aside Appellants' resale tax deed for lack of adequate notice. Treasurer disclaimed any interest, and Appellants' moved for summary judgment, setting forth evidentiary materials showing mailing and publication of notice to Appellee at her last known address. Appellee responded to Appellants' motion for summary judgment, objecting thereto, and filed a counter-motion for summary judgment. Upon consideration of the competing motions, the trial court granted judgment to Appellants and Appellee appealed in Case Number 87,294. The Court of Appeals, Division Two, reversed and remanded "for further proceedings with directions to (1) determine the last known address of Stottlemyre *as reflected by the tax rolls* on the dates the treasurer attempted to serve statutory notices; (2) determine whether the treasurer has strictly complied with the statutory notice provisions by mailing the required notices to the owner of said real estate as shown by the last tax rolls in his office on those dates; and, if so, (3) determine whether repeated but unsuccessful attempts to

serve statutory notice are legally sufficient when said owner is in actual possession of the real estate." *Stottlemyre v. Haworth,* Case No. 87,294, p. 5 (Okla.App. Div. II, October 8, 1996, unpub. op. by Goodman, P.J., Boudreau, J. and Stubblefield, J. concurring.) (Emphasis original.)

¶ 4 On remand, the parties stipulated to the answers to the first two inquiries, with both Appellants and Appellee again moving for summary judgment on the third issue. On the third issue, the trial court held for Appellee and granted judgment accordingly. Appellants now appeal, and the matter stands submitted for accelerated review on the trial court record.[1]

¶ 5 In ruling on summary judgment, the trial court relied on the Oklahoma Supreme Court's holding and rationale expressed in *Wells Fargo v. Ziegler,* 1989 OK 113, 780 P.2d 703 (Okla.1989). In *Wells Fargo,* the owner of the subject real property failed to pay the ad valorem taxes, and the property was subsequently sold to Tulsa County in 1984 for nonpayment of taxes. The Tulsa County Treasurer subsequently offered the property at resale on statutory notice to Wells Fargo, mortgagee, at Wells Fargo's address as shown on the promissory note and in the Tulsa telephone directory, and although neither the notice nor a signed return receipt was returned to Tulsa County Treasurer, the Zieglers purchased the property from Tulsa County and received a resale tax deed. In Wells Fargo's subsequent quiet title action against the Zielgers, the trial court found that Wells Fargo did not receive actual notice of the tax resale and therefore the resale tax deed was ineffective to extinguish Wells Fargo's mortgage. The Supreme Court affirmed, holding:

... The notice as given in this case neither comports with the statutory mandate of reasonable diligence in locating the mortgagee nor with the constitutional requirement of due process. (Footnote omitted.) The absence of a return receipt was a red flag alerting the County Treasurer to exercise reasonable diligence in locating Wells Fargo. Yet, the County Treasurer went

---

1. *See,* Rule 13(h), Rules for District Courts, 12 O.S. Supp.1993, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp. 1997, Ch. 15, App.

no further in its attempt to provide notice in this case. The act of mailing, in and of itself, does not constitute actual notice. "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party...." *Mennonite Bd. of Missions [v. Adams]*, [462 U.S. 791, 800], 103 S.Ct. [2706] at 2712, [77 L.Ed.2d 180, 185 (1983)]. In the instant case, the act of mailing without proof of receipt of notice falls short of the exercise of reasonable diligence in assuring actual notice.

*Wells Fargo*, 1989 OK 113, ¶ 6, 780 P.2d at 705.

¶ 6 In the present case, it is undisputed that Appellee even though living on the property, never *received* the statutory notices mailed to her. Although *Wells Fargo* dealt with the rights of a *mortgagee* of real property to *actual* notice of tax resale proceedings, we find the holding of *Wells Fargo* even more compelling as to the rights of an *owner* of real property to *actual* notice of tax resale proceedings. To the extent that *Wells Fargo* requires that the owner of property subject to tax resale *actually receive* notice of the tax resale proceedings, and inasmuch as the uncontroverted evidence in the present case shows no such *actual receipt* of notice of the tax resale proceedings by Appellee, we hold the trial court committed no error in setting aside Appellants' resale tax deed.

The order of the trial court is therefore AFFIRMED.

HANSEN, P.J., and BUETTNER, J., concur.

