1998 OK CIV APP 109

**Allen KESTER, Plaintiff/Appellant,**

v.

**Clara IVES; Logan County Treasurer, Defendants/Appellees,**

and

**Timothy Delno and Cynthia Delno, Intervenors/Third Party Plaintiffs/Appellees,**

and

**BancFirst, an Oklahoma banking corporation, Third Party Defendant/Appellant,**

and

**Vicki Allen and Mark Allen, Third Party Defendants.**

No. 90167.

Court of Civil Appeals of Oklahoma.

June 5, 1998.

Kevin R. Donelson, Mark K. Stonecipher, Oklahoma City, Randall C. Shadid, Edmond, for Appellant.

Mary Elizabeth Elder, Oklahoma City, for Appellee.

## OPINION

GARRETT, Judge:

¶1 Appellants, Allen Kester and BancFirst, appeal a judgment quieting title to real property in Logan County, Oklahoma, in the Appellees, Timothy and Cynthia Delno. Kester was the record owner of the property. BancFirst owned a first mortgage lien on the property, which was executed by Kester. The property was sold to the Delnos at a tax resale on June 12, 1995, for unpaid ad valorem taxes. Kester complains his property was sold without giving him actual notice of the tax resale proceeding. It is undisputed that Logan County Treasurer, Shirley Rothermel, mailed separate notices to Kester at two addresses by certified mail. One address was in Guthrie, and the other was in Oklahoma City. Both letters were returned undeliverable. It is also undisputed that BancFirst did receive notice of the re-sale. As one brief writer observed: BancFirst is a "coat tail rider". If Kester wins, BancFirst's mortgage is alive. If Kester loses, the mortgage is dead.

¶2 For reversal, Kester argues that actual notice to the property owner is required prior to a tax resale by the county in order to comply with due process.[1] He also complains that his tenants, who live on the property and could have disclosed his location, were not given notice of the sale. He contends that as a matter of law the trial court's decision must be reversed.

---

1. The pertinent statute on notice of resale is 68 O.S. Supp.1992 § 3127, which provides in part:
    [T]he county treasurer shall, at least thirty (30) days prior to such resale of real estate, give notice by certified mail, by mailing to the owner of said real estate, as shown by the last tax rolls in his office, and to all mortgagees of record of said real estate a notice stating the time and place of said resale and showing the legal description of the real property to be sold. If the county treasurer does not know and cannot, by the exercise of reasonable diligence, ascertain the address of any mortgagee of record, then the county treasurer shall cause an affidavit to be filed with the county clerk, on a form approved by the State Auditor and Inspector, stating such fact, which affidavit shall suffice, along with publication as provided for by this section, to give any mortgagee of record notice of such resale....

¶3 In *Stottlemyre v. Haworth,* 1998 OK CIV APP 31, 957 P.2d 131 (1997) (Cert.Denied), another division of this Court recently held that an owner who is in actual possession of real property, which is the subject of a tax resale proceeding, is entitled to actual notice of the sale. *Stottlemyre* involved a situation in which the property owner lived on the property, which is not the precise scenario here. However, the guidance we receive from it is persuasive.

¶4 The *Stottlemyre* Court relied on *Wells Fargo v. Ziegler,* 1989 OK 113, 780 P.2d 703, wherein the Supreme Court held the resale tax deed issued was ineffective to extinguish a mortgage. Proper notice was sent by certified mail to the mortgagee, Wells Fargo. Neither the notice nor a signed receipt was received by the County Treasurer. Thus, proof of actual notice was missing. The purchasers at the resale argued that mailing of notice by certified mail, as per the statute, constituted actual notice, regardless of whether it was received by the mortgagee. The Supreme Court did not agree, noting the statute requires the county treasurer to use "reasonable diligence" in locating the mortgagee. The Court cited *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) and *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), for authority that a state must provide notice "reasonably calculated, under all the circumstances, to apprise *interested parties* of the pendency of the action and afford them an opportunity to present their objections" prior to an action which will affect an interest in life, liberty or property protected by the Due Process Clause of the Fourteenth Amendment. [Emphasis supplied.]

¶5 The *Wells Fargo* Court said:

The notice as given in this case neither comports with the statutory mandate of reasonable diligence in locating the mortgagee nor with the constitutional requirement of due process. The absence of a return receipt was a red flag alerting the County treasurer to exercise reasonable diligence in locating Wells Fargo. Yet, the County Treasurer went no further in its attempt to provide notice in this case. The act of mailing, in and of itself, does not constitute actual notice. 'Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party....' *Mennonite Bd. of Missions,* 103 S.Ct. at 2712 [103 S.Ct. 2706]. In the instant case, *the act of mailing without proof of receipt of notice falls short of the exercise of reasonable diligence in assuring actual notice....* [Emphasis supplied.]

¶6 As to the owner, the *Stottlemyre* Court said:

Although *Wells Fargo* dealt with the rights of a *mortgagee* of real property to *actual* notice of tax resale proceedings, we find the holding of *Wells Fargo* even more compelling as to the rights of an *owner* of real property to *actual* notice of tax resale proceedings. To the extent that *Wells Fargo* requires that the owner of property subject to tax resale *actually receive* notice of the tax resale proceedings, and inasmuch as the uncontroverted evidence in the present case shows no such *actual receipt* of notice of the tax resale proceedings by Appellee, we hold the trial court committed no error in setting aside Appellants' resale tax deed. [Emphasis in original.]

¶7 Kester did not receive actual notice of the impending tax resale. The County Treasurer sent two notices to Kester at different addresses, but both were returned and checked "Attempted–Not Known". Kester's affidavit states he has been in Oklahoma continually since 1989, that the premises was occupied by tenants under a lease from 1994 until July, 1996, and they knew his whereabouts. It was stipulated by the parties that no notice was mailed or delivered to the tenants occupying the property, and notice was not posted by the Sheriff at the premises. Apparently, the County Treasurer did not attempt to contact the tenants.

¶8 Under the facts of this case, we hold the attempt to give notice to Kester was not reasonably calculated to apprise him of the action to be taken against his property.

Thus, the County Treasurer failed to exercise the "reasonable diligence" required by statute and by "due process of law" constitutional principles, when it became apparent the attempt at notice by mail had failed. While we decline to hold that actual notice is required in "all cases" [2], it is evident that Oklahoma's statutes and principles of due process, with exceptions not material here, require actual notice.

¶ 9 The judgment of the trial court is reversed, and this case is remanded to the trial court for further proceedings which are consistent with the views expressed in this opinion.

¶ 10 **REVERSED AND REMANDED.**

JOPLIN, P.J., concurs.

CARL B. JONES, V.C.J., concurs in result.

2. "All cases" would mean 100%.