2014 OK CIV APP 103

**BENEFICIAL FINANCIAL I INC., Successor by Merger to Beneficial Oklahoma, Inc., Plaintiff/Appellant,**

v.

**Steve L. LOVE; Kimberly K. Love; Susan Duncan, County Treasurer and Board of County Commissioners; John Doe, Occupant; Ruth E. Moravetz, Personal Representative of the Estate of Mary E. Hillsinger, Deceased; Arvest Bank, Successor in Interest to the Delaware County Bank; and City Capital Markets Corporation, Defendants,**

and

**Joe E. White and Nona F. White, Defendants/Appellees.**

**No. 112,446.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 5, 2014.

---

9. May 9, 2012 transcript of proceedings, page 88, beginning line 10.

Lindsay J. McDowell, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, Oklahoma, for Plaintiff/Appellant.

Tommy R. Dyer, Jr., Davis & Thompson, Jay, Oklahoma, for Defendants/Appellees.

BAY MITCHELL, Judge.

¶ 1 Beneficial Financial I Inc., Successor by Merger to Beneficial Oklahoma, Inc. Plaintiff/Appellant ("Financial Institution"), seeks review of an order granting Defendants/Appellees ("Tax Deed Purchasers") Joe E. White and Nona F. White's Motion for Summary Judgment in this foreclosure/"resist recovery of land under tax deed" action.[1]

¶ 2 In June 2012, the Delaware County Treasurer sold a parcel of real property at public auction to Tax Deed Purchasers for $19,000 (and conveyed ownership via County Treasurer Resale Deed) after the property's previous owners, Defendants Steve L. Love and Kimberly K. Love ("the Loves")[2] failed

---

1. The November 27, 2013 Order on appeal adjudicated fewer than all the claims, rights and liabilities of fewer than all the parties in the action insomuch as it granted summary judgment solely in favor of Tax Deed Purchasers. The order on appeal was non-compliant with 12 O.S. § 994(A). In response to this Court's October 21, 2014 Show Cause Order, the parties filed the trial court's October 27, 2014 Order for Certification, wherein the trial court expressly proclaimed its November 27, 2013 Order "is a final and appealable Order, that the Court directed the filing of the final judgment and it is the Court's express determination that there is no just reason for delay."

2. The trial court docket reflects the Loves were served with summons and petition (by personal service on Kimberly Love) on 3/20/13, but they

to pay the ad valorem property taxes from 2008–2011. Tax Deed Purchasers subsequently took possession of the property and made improvements thereto.

¶ 3 Approximately nine months after the tax resale, Financial Institution filed the instant action seeking foreclosure of its alleged predecessor's 2004 mortgage against the Loves (the mortgagors in default of their payment obligation) and a judgment against them in the amount of $107,020.70 (plus interest), which is the amount of the alleged mortgage indebtedness.[3] Financial Institution additionally sought to invalidate the Delaware County Treasurer's conveyance of the property to the Tax Deed Purchasers on the basis of the Treasurer's alleged failure to follow statutory notice requirements.

¶ 4 Tax Deed Purchasers filed their Motion for Summary Judgment, which was supported by documentary evidence and an affidavit of Treasurer's deputy agent in demonstration of the County Treasurer's compliance with Oklahoma statutes as well as constitutional law governing notice relating to the sale of the property. The Financial Institution argued the County Treasurer failed to exercise reasonable diligence in locating and providing actual notice prior to the resale. Following a hearing on the motion, the trial court upheld the tax deed on the basis of the County Treasurer's compliance with all constitutional and statutory notice requirements. Financial Institution appeals.

¶ 5 The appellate standard of review of a trial court's grant of summary judgment is *de novo. Kirkpatrick v. Chrysler Corp.,* 1996 OK 136, 920 P.2d 122. This Court will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. *Ross v. City of Shawnee,* 1984 OK 43, ¶ 7, 683 P.2d 535, 536. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in the light most favorable to the non-moving party. *Id.*

¶ 6 Oklahoma law requires the County Treasurer to give notice of the resale of real estate "by publication of said notice once a week for four (4) consecutive weeks preceding such sale, in some newspaper ... published in the county." 68 O.S.2011 § 3127. The statute further prescribes the requisite contents of the notice (a description of the property; name of the record owner; the time/place of sale; statement of the date on which real estate taxes first became due; the year(s) for which taxes have been assessed but remain unpaid and a statement that the same has not been redeemed; the total amount of delinquent taxes, costs, penalties and interest accrued, due and unpaid on the same; and a statement that such real estate will be sold to the highest bidder for cash). *Id.* Section 3127 further provides in pertinent part as follows:

> The county treasurer shall, at least thirty (30) days prior to such resale of real estate, give **notice by certified mail,** by mailing to the record owner of said real estate, as shown by the records in the county assessor's office, which records shall be updated based on real property conveyed after October 1 each year, and **to all mortgagees of record** of said real estate a notice stating the time and place of said resale and showing the legal description of the real property to be sold.

*Id.* (emphasis added). "Within thirty (30) days after resale of the property, the county treasurer shall file in the office of the county clerk a return [containing requisite information concerning the sale including a copy of the notice of such resale] ... Such notice and return shall be presumptive evidence of the regularity, legality and validity of all the official acts leading up to and constituting such resale." 68 O.S.2011 § 3131.

¶ 7 "The statute [governing notice of resale] requires the county treasurer to exercise reasonable diligence in locating the mortgagee" and constitutional law mandates " 'a state must provide notice reasonably calculated, under all the circumstances to apprise interested parties of the pendency of

---

have neither entered an appearance nor filed an answer herein.

3. The Petition includes the allegation that the Loves defaulted on their monthly mortgage payment obligation in May 2011.

the action and afford them an opportunity to present their objections.' " *Wells Fargo Credit Corp. v. Ziegler*, 1989 OK 113, 780 P.2d 703, 705 (holding the act of mailing notice to mortgagee without proof of receipt of notice falls short of the exercise of reasonable diligence in assuring actual notice where the means of providing actual notice is readily available).[4]

¶ 8 The mortgage sought to be foreclosed herein was filed of record in December 2004 and identifies "Beneficial Oklahoma Inc." as mortgagee. The mortgage expressly lists a Claremore, Oklahoma address for this mortgagee. The record reflects a Notice of Sale of Real Estate for Delinquent Tax was mailed on April 2, 2012 by certified mail, return receipt requested, restricted delivery to the Loves (as record owner) as well as to record mortgagee Beneficial Oklahoma, Inc. at the Claremore address indicated in the mortgage. This notice was returned to the Delaware County Treasurer "not deliverable as addressed/unable to forward" with a handwritten notation that "this business has been gone 4 years." The notices addressed to the Loves were also returned as undeliverable on the basis the property was vacant.

¶ 9 Financial Institution's assertion that it is a successor by merger to Beneficial is lacking in evidentiary support. There is no evidence that it recorded any document in the Delaware County Clerk's office reflective of the merger and/or otherwise provided notice that it was a successor to the record mortgagee. Further, Financial Institution failed to provide a corrected address to the Delaware County Treasurer's office to enable receipt of pertinent tax notices pertaining to the subject property. Because of this evidentiary deficiency in demonstration of Financial Institution's status as the successor to the record mortgagee, we find Financial Institution cannot be construed as a "mortgagee of record" within the meaning of § 3127.

¶ 10 The record further discloses that after its receipt of the undelivered/unclaimed notices sent via certified mail to the Loves and the record mortgagee, the County Treasurer's office posted a notice on the door of the residential property at issue herein, advising the property was to be sold for back taxes due and that said sale would be held on June 11, 2012.[5] Additionally, after conducting a search of available records, a deputy agent for the County Treasurer's office sent a letter via facsimile to a company by the name of "Beneficial Oklahoma" in an attempt to give notice of the resale. The County Treasurer's office received no response from that fax letter.[6] Finally, the County Treasurer's office published a notice of the resale in the Delaware County Journal for four consecutive weeks on May 2, 9, 16 and 23, 2012.

¶ 11 Financial Institution asserts the County Treasurer failed to exercise reasonable diligence in accomplishing actual notice. However, the County Treasurer's evidence reveals it took additional steps beyond those statutorily required in an attempt to provide actual notice to both the record owner and the mortgagee with the posting of the notice on the door of the home and the faxing of a notice to Beneficial itself and/or a similarly named company. Financial Institution offers no explanation for its failure to record any document in the Delaware County Clerk's office for the purpose of providing a correct address. It is similarly silent on why it failed to provide the County Treasurer with corrected address information and/or its fail-

---

4. "Due process does not require that a property owner receive actual notice before the government may take his property.... [D]ue process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Jones v. Flowers*, 547 U.S. 220, 226, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006) (citation omitted). "[T]his Court has deemed notice constitutionally sufficient if it was reasonably calculated to reach the intended recipient when sent." *Id.*

5. The notice further provided a telephone number for the Delaware County Treasurer's office and urged the owner to "PLEASE CALL IMMEDIATELY TO SAVE YOUR PROPERTY!"

6. That fax letter provided "IF YOU KNOW ANYTHING ABOUT BENEFICIAL OKLAHOMA INC. WHOSE ADDRESS WAS 981 W. WILL ROGERS BLVD. CLAREMORE, OK 74017, PLEASE CALL OUR OFFICE ASAP!"

ure to provide a forwarding address to the post office for the Claremore business. Further, it provides no evidence demonstrating that its new address and/or new business name was otherwise readily available such that the County Treasurer's exercise of reasonable diligence would have discovered same. . The evidence concerning the efforts made by the County Treasurer to locate the mortgagee and provide notice thereto is sufficient to support a finding that the County Treasurer exercised reasonable diligence in locating and assuring actual notice to the mortgagee as is required by the statute.

¶ 12 We accordingly AFFIRM the trial court's November 27, 2013 Journal Entry of Judgment.